IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EVA M. MILEY, | ) | CASE NO. 1:13 CV 2157 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER | ) | |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert (ECF #16), recommending that the Commissioner of Social Security's final determination denying Plaintiff, Eva M. Miley's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") be affirmed.

**Factual and Procedural Background**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

**PROCEDURAL HISTORY**

Plaintiff filed for DIB and SSI on November 16, 2010, alleging a disability onset date of January 5, 2010 (Tr. 204-212). The agency denied Plaintiff's applications initially and on reconsideration (Tr. 145-151, 154-159). Plaintiff

requested a hearing before an ALJ, which was held on June 7, 2012, at which a vocational expert (VE) and Plaintiff testified (Tr. 33-80). On June 29, 2012, the ALJ denied Plaintiff's disability claim in a written decision (Tr. 9-32). Thereafter, the Appeals Council denied Plaintiff's request for review (Tr. 1-7). Hence, Plaintiff seeks judicial review of the Commissioner's decision under 42 U.S.C. Section 405(g).

## STATEMENT OF FACTS

Plaintiff was thirty-six years old on January 5, 2010, her alleged onset date of disability (Tr. 25). She is a high school graduate and has past relevant work as a home health aide and telemarketer (Tr. 25).

In documents submitted to the Agency, Plaintiff reported that she attended to her own personal hygiene, cooked for herself, shopped for herself, and managed her finances (Tr. 320-322).

## SUMMARY OF MEDICAL EVIDENCE

On appeal, Plaintiff only challenges the mental residual functional capacity as assessed by Dr. Misra (Pl.'s Br. at 1-16). Hence, the undersigned has limited his review to mental health records. Plaintiff began mental health treatment from Lalith K. Misra, M.D. in May of 2009 (Tr. 518-543). Dr. Misra diagnosed attention deficit hyperactivity disorder (ADHD), a mood disorder, an anxiety disorder, and post-traumatic stress disorder (PTSD), and consistently assessed Global Assessment Functioning (GAF) ratings of sixty-five (Tr. 518-543).

On February 2, 2010, the first visit after the alleged onset date of January 22, 2010, Plaintiff was observed as unkempt and disheveled; she was cooperative with loud and pressured speech (Tr. 44). She had fair eye contact (Tr. 544). She had a sad and anxious mood with a constricted affect (Tr.544). Her mood/thought was congruent, and her thought process was coherent (Tr. 544). She denied suicidal or homicidal ideation (Tr. 544). Plaintiff was alert and oriented to time, place, and person (Tr. 544). Plaintiff exhibited fair attention and concentration with poor insight and judgment (Tr. 545). Dr. Misra diagnosed ADHD, a mood disorder, and a personality disorder (Tr. 545). Dr. Misra also assessed GAF of sixty-five (Tr. 545).

On March 1, 2010, her mental status examination was unchanged, except that Plaintiff's speech was normal and contemporaneous (Tr. 548). Dr. Misra assessed a GAF of sixty-five, and noted that Plaintiff's progress was improved (Tr. 549).

On April 6, 2010, Plaintiff returned to Dr. Misra (Tr. 587-590). Her mental

status examination was unchanged, except for fair insight and judgment (Tr. 589). Dr. Misra assessed a GAF of sixty-seven (Tr. 590).

On May 12, 2010, Plaintiff had a GAF of sixty-six (Tr. 557). Dr. Misra indicated that Plaintiff's progress was improved (Tr. 558).

On June 25, 2010, Plaintiff's affect was wide-ranging (Tr. 561). Dr. Misra assessed a GAF of sixty-six (Tr. 562).

On July 29, 2010, Plaintiff had improved mood and anxiety (Tr. 564). Dr. Misra assessed a GAF of sixty-six (Tr. 567). Dr. Misra indicated that Plaintiff's progress was improved (Tr. 567).

On September 9, 2010, Plaintiff reported that she got a new job, taking care of an elderly lady from "9-5" (Tr. 570). In general, Plaintiff was moderately improved (Tr. 570). Dr. Misra assessed a GAF of sixty, and indicated that Plaintiff's progress was improved (Tr. 574).

On October 13, 2010, Plaintiff was moderately improved with improved mood and improved anxiety (Tr. 575). Dr. Misra assessed a GAF of sixty (Tr. 578). He indicated that Plaintiff's progress was improved (Tr. 579).

On December 23, 2010, Plaintiff reported that her medications helped when she was anxious (Tr. 580). Plaintiff was moderately improved (Tr. 580). Dr. Misra assessed a GAF of sixty (Tr. 583).

On January 28, 2011, Plaintiff stated that she was "doing good" (Tr. 644). She told Dr. Misra that her anxiety medication was working (Tr. 644). She added that she did not get angry "like before" (Tr. 644). Plaintiff reported improved insight and judgment, and her family was happier (Tr. 644). Plaintiff was moderately improved (Tr. 647). Dr. Misra assessed a GAF of sixty (Tr. 647). He indicated that Plaintiff's progress was improved (Tr. 648).

On April 7, 2011, Plaintiff stated that she was doing "o.k." (Tr. 649). She stated that she did not believe that her medications were working, but Dr. Misra indicated that her progress was improved (Tr. 649, 653). Dr. Misra assessed a GAF of sixty (Tr. 652).

On May 12, 2011, Plaintiff stated that she was "doing o.k." (Tr. 654). Dr. Misra assessed her a GAF of sixty (Tr. 657). Dr. Misra indicated that Plaintiff's progress was improved (Tr. 658).

On June 9, 2011, Plaintiff stated that she was "not too bad" (Tr. 703). She

stated that her sleep was good, and she was doing okay (Tr. 703). Plaintiff was moderately improved with improved mood and anxiety (Tr. 703). Dr. Misra assessed a GAF of sixty (Tr. 706). Dr. Misra indicated that Plaintiff's progress improved (Tr. 707).

On July 7, 2011, Plaintiff stated that her mood was good (Tr. 698). She stated that Geodon medication had been good (Tr. 698). She stated that she did not have mood swings or anger (Tr. 698). She said that she rarely gets upset (Tr. 698). Dr. Misra assessed a GAF of sixty (Tr. 701). Dr. Misra indicated that Plaintiff's progress was improved (Tr. 702).

On August 11, 2011, Plaintiff reported doing "o.k." (Tr. 643). Dr. Misra assessed a GAF of sixty (Tr. 696). He indicated that Plaintiff's progress was unchanged (Tr. 697).

On September 7, 2011, Plaintiff reported that some days she was depressed, but, overall, she was doing better (Tr. 688). Dr. Misra assessed a GAF of sixty (Tr. 691). He indicated that Plaintiff's progress was improved (Tr. 692).

On October 19, 2011, Plaintiff reported that she was "doing pretty good and sleeping good" (Tr. 683). She stated that everything seemed okay (Tr. 683). Plaintiff was moderately improved (Tr. 683). Dr. Misra assessed a GAF of sixty (Tr. 686). He indicated that Plaintiff's progress was improved (Tr. 687).

On November 18, 2011, Plaintiff reported that her medications were working (Tr. 766). Dr. Misra assessed a GAF of sixty, and indicated that Plaintiff's progress was unchanged (Tr. 768-769).

Plaintiff continued to follow up monthly with Dr. Misra through February of 2012 (Tr. 754-765). Dr. Misra consistently assessed GAF ratings of sixty (Tr. 756, 759, 764, 768). Plaintiff reported family stressors related to her husband and teenage daughter, but also indicated that she was "doing fine," "doing good," and everything was okay (Tr. 754, 758, 762).

In March and September 2011, state agency medical consultants opined that Plaintiff could understand and recall instructions for simple repetitive tasks, and that she could carry out instructions for simple repetitive tasks in settings that are routine and relatively static (Tr. 81-108, 111-142). The state agency medical consultant further opined that Plaintiff could perform work tasks that do not require interaction with the public and require minimal social interactions with supervisors and coworkers (Tr. 81-108, 11-42).

On November 11, 2011, Dr. Misra completed a Mental Impairment Questionnaire (Tr. 747-752). Dr. Misra indicated that Plaintiff was responding to

medications with no side effects (Tr. 747). He indicated that her prognosis was guarded (Tr. 747). Dr. Misra opined that Plaintiff was unable to meet competitive standards for unskilled, semi-skilled, or skilled work (Tr. 749-752). She further opined that Plaintiff was unable to function outside her home, and that Plaintiff would miss more than four days of work per month (Tr. 751-752).

## THE ALJ'S DECISION

In a written decision, on June 29, 2012, the ALJ denied Plaintiff's disability claim (Tr. 9-32). The ALJ concluded that Plaintiff retained the residual functional capacity (RFC) for work at the light exertional level, but subject to limitations (Tr. 18). Specifically, Plaintiff could frequently balance; occasionally stoop and climb ramps and stairs; and never climb ladders, ropes, or scaffolds (Tr. 18). She could perform handling and fingering bilaterally (Tr. 18). She should avoid even moderate exposure to unprotected heights and concentrated exposure to extreme height and irritants, such as fumes, odors, dusts, gases, and poorly-ventilated areas (Tr. 18). Plaintiff could perform simple, routine, and repetitive tasks (Tr, 18). She could perform low stress jobs, defined as requiring only occasional changes in the work setting (Tr. 18). Plaintiff could have no interaction with the public, but could have occasional interaction with co-workers and supervisors (Tr. 18). At step four, the ALJ concluded that Plaintiff was unable to perform her past relevant work (PRW) as a home health aide and telemarketer (Tr. 25). The ALJ concluded, however, that Plaintiff could perform other work that exists in significant numbers in the national economy, including representative jobs of hand laborer; sorter, tester, or inspector; and production assembler (Tr. 26). The ALJ's decision became the final decision of the Commissioner on August 1, 2013, when the Appeals Council denied Plaintiff's request for review (Tr. 1-7). Plaintiff seeks judicial review of the Commissioner's decision under 42 U.S.C. Section 405(g).

Report and Recommendation at pp. 1-6.

## Report and Recommendation

Plaintiff filed her Complaint with this Court on October 1, 2013, challenging the final decision of the Commissioner. (ECF #1.) On February 12, 2015, the Magistrate Judge issued his Report and Recommendation. (ECF #16.) The Magistrate Judge determined that the Commissioner applied the correct legal standards and found the Commissioner's decision denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security

Income to be supported by substantial evidence. On February 25, 2015, Plaintiff filed Objections to the Report and Recommendation. (ECF #17.) On March 11, 2015, the Commissioner filed a Response to Plaintiff's Objections. (ECF #18.)

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ, is limited to whether the decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

**Conclusion**

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo* and has considered all of the pleadings, transcripts, and filings of the parties, as well as the objections to the Report and Recommendation filed by Plaintiff. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as

its own.

Magistrate Judge Limbert thoroughly and exhaustively reviewed this case, and correctly determined that the Commissioner applied the correct legal standards and that the Commissioner's decision denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income was supported by substantial evidence. Accordingly, the Report and Recommendation of Magistrate Judge Limbert (Document # 16) is hereby ADOPTED. The Commissioner's final determination denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income is hereby AFFIRMED.

This case is hereby TERMINATED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: March 23, 2015